UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTIS JOHNSON aka
FADEE MULAZIM, #146093,

       Plaintiff,

                                          CASE NO. 2:07-CV-13196
v.                                    HONORABLE ARTHUR J. TARNOW

MICHIGAN DEP'T. OF CORR., et al.,

       Defendants.
                                           /

**OPINION AND ORDER DISMISSING THE COMPLAINT AND DENYING
LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

I.

This matter is before the Court on Plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). On August 22, 2007, this Court issued an order requiring plaintiff to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Plaintiff has filed a timely response to the Court's show cause order.

II.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court may dismiss a case if, on three (3) or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g). The Court's database reveals that

1

Plaintiff has filed at least three (3) prior cases in the United States District Courts for the Eastern and Western District of Michigan which have been dismissed as frivolous. *See*:

| Case No. | Defendant(s) | Dismissal Date | U.S. District Judge |
|---|---|---|---|
| 91-CV-00233 | LaBreche | 03/04/92 | Douglas W. Hillman |
| 92-CV-72564 | Borradale, et al. | 06/18/92 | Patrick J. Duggan |
| 00-CV-70200 | Corrigan, et al. | 02/28/00 | Paul D. Borman |

In response to the Court's show cause order, Plaintiff does not assert that he "is under imminent danger of serious physical injury" so as to fall within the exception set forth in 28 U.S.C. § 1915(g). Rather, Plaintiff asserts that the dismissals in Case Nos. 91-CV-00233 and 92-CV-72564 predate the PLRA and should not be considered because doing so violates his constitutional rights. Plaintiff's argument is unpersuasive. A federal court may consider cases dismissed as frivolous prior to the PLRA's enactment for purposes of applying the "three strikes" provision. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Plaintiff has failed to establish that the Court's consideration of the 1991 and 1992 cases as "three strikes" dismissals is inappropriate.

III.

Having reviewed Plaintiff's complaint and his response to the show cause order, the Court concludes that plaintiff has neither alleged nor established that he "is under imminent danger of serious physical injury" so as to fall within the exception to the "three strikes" provision of 28 U.S.C. § 1915(g). Plaintiff has also failed to otherwise demonstrate that dismissal of his complaint pursuant to the "three strikes" provision is inappropriate.

Accordingly,

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). **IT IS FURTHER ORDERED** that Plaintiff's application to proceed without prepayment of the filing fee is **DENIED**.

Should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee and move to re-open this case within 30 days. If the filing fee and motion are timely submitted, the Court will re-open the case and review the complaint to determine whether it should be served upon defendants or should be summarily dismissed under 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 7, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 7, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

3